Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **MARIA ANGÉLICA PASTOR ESCOBAR**<br><br>Parte recurrida<br><br>v.<br><br>**JOSÉ YAMIL BÁEZ MELÉNDEZ Y OTROS**<br><br>Parte peticionaria | **TA2026CE00813** | ***CERTORARI***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Caguas**<br><br>Caso Número:<br>**CG2022CV00120**<br><br>Sobre:<br><br>**ACCIÓN CIVIL; FIANZA NO RESIDENTE (REGLA 69.5)** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece ante nos José Yamil Báez Meléndez, en adelante, el señor Báez Meléndez o peticionario, y solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas, notificada el 24 de junio de 2026. En la misma, el Foro Primario declaró *No Ha Lugar* la solicitud de fijación de fianza de no residente y ordenó la continuación de los procedimientos

Por los fundamentos que se exponen a continuación, *se deniega* el auto de *Certiorari* solicitado. Veamos.

## I.

El 20 de enero de 2022, María Angélica Pastor Escobar, en adelante la señora Pastor Escobar o recurrida, presentó una demanda de sentencia declaratoria e *injunction* contra el peticionario. En síntesis, solicitó que se le reconociera como única titular de las acciones de Escotech, Inc., por haberlas adquirido mediante la herencia testada de su tío, Paul Escobar Juárez, en adelante, señor Escobar Juárez o causante. Además, interesó que

se ordenara al peticionario entregar la documentación corporativa que presuntamente mantenía en su poder.[1]

El 13 de julio de 2022, el señor Báez Meléndez presentó *Contestación a la Demanda*. Admitió que la recurrida era la única heredera del señor Escobar Juárez, pero negó que fuera titular de las acciones de Escotech, Inc. Alegó que el causante le había donado verbalmente dichas acciones en el año 2019 y que la Resolución Corporativa de 14 de mayo de 2021 corroboraba dicha transferencia.[2]

Tras varias incidencias procesales, entre ellas la inhibición de la jueza que presidía originalmente el caso y la reasignación del pleito, el 1 de abril de 2024 se celebró una *Vista sobre el Estado de los Procedimientos*. En dicha ocasión, el Tribunal delimitó las controversias a adjudicarse: (1) si la alegada donación de las acciones de Escotech, Inc., hecha por el señor Escobar Juárez a favor del señor Báez Meléndez en septiembre del año 2019, fue válida en derecho; y (2) si la alegada ratificación de dicha donación mediante la Resolución Corporativa de 14 de mayo de 2021 fue igualmente válida.[3]

El 18 de abril de 2024, el TPI-Caguas dictó una *Resolución* mediante la cual concluyó que las controversias sobre la validez de la alegada donación y de la Resolución Corporativa requerían la celebración de una vista evidenciaria[4] y adjudicativa en sus méritos.[5]

El 2 de junio de 2026, la recurrida presentó una moción solicitando que la vista señalada para el 17 de junio de 2026 fuera reseñalada para horas de la tarde y que se le autorizara comparecer

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), apéndice 1.
[2] Entrada 1 de SUMAC TA, apéndice 37.
[3] *Íd.*, Apéndice 314, pág 3.
[4] Según surge de la *Petición de Certiorari* presentada posteriormente, la vista evidenciaria se celebró los días 19 de mayo y 30 y 31 de julio de 2025.
[5] *Íd.*, apéndice 314.

mediante videoconferencia. Para ello, expresó que residía entre España y Puerto Rico y que, para la fecha de la vista, se encontraría fuera de la jurisdicción de Puerto Rico.[6]

Al día siguiente, el peticionario presentó una solicitud de fijación de fianza de no residente y de paralización de los procedimientos al amparo de la Regla 69.5 de Procedimiento Civil del 2009, 32 LPRA Ap. V, R. 69.5. Argumentó que las manifestaciones de la recurrida respecto a su residencia justificaban la imposición de una fianza de no residente y solicitó que se paralizaran los procedimientos hasta que esta fuera prestada.[7]

En atención a dicha solicitud, el 4 de junio de 2026 el Foro de Primera Instancia ordenó a la recurrida informar desde qué fecha residía en España, con qué frecuencia viajaba a Puerto Rico y dónde rendía sus planillas de contribución sobre ingresos, concediéndole un término de diez (10) días para cumplir con lo ordenado.[8]

El 11 de junio de 2026, la señora Pastor Escobar compareció en cumplimiento de la orden y se opuso a la solicitud de fianza. Alegó que era residente de Puerto Rico para fines de la Regla 69.5 de Procedimiento Civil, *supra*, aunque también residiera en España, y acompañó copia de una visa, una certificación registral y un estado de cuenta del Centro de Recaudación de Ingresos Municipales de Puerto Rico, en adelante, CRIM, en apoyo a su posición.[9]

Ese mismo día, el peticionario presentó una réplica en la que sostuvo que los documentos anejados por la recurrida únicamente acreditaban la titularidad de un inmueble y su capacidad para ingresar a la jurisdicción, pero no su residencia efectiva en Puerto Rico durante la pendencia del litigio, por lo que reiteró su solicitud de fijación de fianza.[10]

---

[6] Entrada 1 de SUMAC TA, apéndice 428.
[7] *Íd.*, apéndice 430.
[8] *Íd.*, apéndice 433.
[9] *Íd.*, apéndice 437.
[10] *Íd.*, apéndice 439.

Posteriormente, el 18 de junio de 2026, el peticionario presentó una réplica suplementaria mediante la cual sostuvo que la recurrida había incumplido con la orden emitida el 4 de junio de 2026, pues no informó desde cuándo residía en España, con qué frecuencia viajaba a Puerto Rico ni dónde rendía sus planillas de contribución sobre ingresos. Reiteró, además, su solicitud de fijación de fianza y de paralización de los procedimientos.[11]

El 23 de junio de 2026, el TPI-Caguas dictó una *Resolución,* notificada el 24 de junio de 2026, mediante la cual declaró *No Ha Lugar* la solicitud de fijación de fianza de no residente y ordenó la continuación de los procedimientos.[12]

Inconforme con dicha determinación, el 25 de junio de 2026 el peticionario acudió ante nos mediante *Petición de Certiorari,* y formuló los siguientes señalamientos de errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA FIANZA DE NO RESIDENTE, REQUISITO MANDATORIO DE LA REGLA 69.5, PESE A QUE LAS PROPIAS ADMISIONES DE LA DEMANDANTE Y SU ÚNICA PRUEBA DOCUMENTAL — UNA VISA DE VISITANTE TEMPORERO B1/B2— ESTABLECEN QUE RESIDE FUERA DE PUERTO RICO DURANTE LA PENDENCIA DEL PLEITO, SIN QUE LE COBIJE NINGUNA EXCEPCIÓN TAXATIVA.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD MEDIANTE UNA RESOLUCIÓN CARENTE DE FUNDAMENTOS DE HECHO Y DE DERECHO, IMPIDIENDO UNA REVISIÓN APELATIVA ADECUADA.

Ese mismo día, el peticionario presentó una *Moción Urgente en Auxilio de Jurisdicción* mediante la cual solicitó la paralización de los procedimientos ante el TPI-Caguas mientras este Tribunal atendía el recurso de *certiorari.* Argumentó que la continuación de la vista evidenciaria señalada para el 5 de agosto de 2026 podía tornar académico el recurso y privarlo de la garantía para el recobro

---

[11] Entrada 1 de SUMAC TA, apéndice 446.
[12] *Íd.*, apéndice 456.

de costas, gastos y honorarios que, según sostuvo, le reconoce la Regla 69.5 de Procedimiento Civil, *supra.*[13]

El 25 de junio de 2026, este Tribunal emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción Urgente en Auxilio de Jurisdicción.* [14]

Luego de examinar el recurso, y con el propósito de promover un despacho más justo y eficiente, conforme a la Regla 7B(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, disponemos de este recurso sin el escrito de oposición de la parte recurrida.[15]

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción

---

[13] Entrada 2 de SUMAC TA.

[14] Entrada 3 de SUMAC TA.

[15] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Reglamento del Tribunal de Apelaciones, *supra.*

de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio

sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Fianza de No Residente

La Regla 69.5 (c) de Procedimiento Civil, *supra*, R. 69.5 (c), dispone que toda parte reclamante que resida fuera de Puerto Rico o constituya una corporación extranjera deberá prestar una fianza para garantizar el pago de las costas, los gastos y los honorarios de abogado a que pueda ser condenada. La cuantía de la fianza no podrá ser menor de mil dólares ($1,000.00) y, mientras esta no sea prestada, los procedimientos quedarán suspendidos. *VS, PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 263-264 (2021). Además, la propia regla establece que, transcurridos sesenta (60) días desde la notificación de la orden requiriendo la prestación de la fianza sin que esta haya sido consignada, el tribunal ordenará la desestimación del pleito. Regla 69.5(c) de Procedimiento Civil, *supra*.

El propósito de este mecanismo es garantizar el eventual recobro de las costas, los gastos y los honorarios de abogado cuando la parte reclamante no reside en Puerto Rico. *Vaillant Valenciano v. Santander Mortgage Corp.*, 147 DPR 338, 345 (1998).

No obstante, la Regla 69.5(c) exceptúa del requisito de prestar fianza a la parte reclamante no residente cuando:

(a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o

(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

Al interpretar esta disposición, el Tribunal Supremo ha reconocido esas mismas tres excepciones a la exigencia de prestar fianza, a saber: (1) litigantes *in forma pauperis*; (2) copropietarios en litigios sobre inmuebles localizados en Puerto Rico cuando al menos uno de los copropietarios reclamantes reside en esta jurisdicción; y (3) comuneros que instan acciones para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. *VS, PR, LLC v. Drift-Wind, Inc.*, supra, pág. 263.

### III.

En el presente caso, la parte peticionaria aduce que el Foro Primario incidió en relevar a la señora Pastor Escobar de la fianza de no residente. Según surge del expediente, la recurrida compareció ante el TPI-Caguas, en cumplimiento de orden, y presentó evidencia documental dirigida a acreditar su residencia en Puerto Rico. Entre dicha evidencia se incluyó una certificación registral que la identifica como titular de un inmueble localizado en esta jurisdicción y un estado de cuenta del CRIM correspondiente a esa propiedad. Asimismo, explicó las circunstancias en que residía entre Puerto Rico y España y sostuvo que, para fines de la Regla 69.5 de Procedimiento Civil, *supra*, era residente de Puerto Rico.

Luego de evaluar los escritos y la evidencia sometida por ambas partes, el TPI-Caguas determinó que no procedía imponer la fianza solicitada y ordenó la continuación de los procedimientos. Ante ese cuadro procesal, el peticionario no ha demostrado que el Foro Primario haya incurrido en un abuso de discreción, haya actuado con prejuicio o parcialidad, o haya errado en la aplicación del derecho de forma tal que justifique la intervención de este Foro Apelativo mediante el recurso extraordinario de *certiorari*.

En consecuencia, al ponderar los criterios que rigen la expedición del auto de *certiorari*, concluimos que este caso no presenta circunstancias que ameriten nuestra intervención en esta

etapa de los procedimientos. Por ello, procede denegar la expedición del recurso.

**IV.**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de *certiorari* solicitado

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones